SUMMARY ORDER

Gui Guan Chen, a native and citizen of China, seeks review of a December 11, 2008 order of the BIA affirming the August 22, 2007 decision of Immigration Judge (“IJ”) Theresa Holmes Simmons, denying his applications for asylum, withholding of removal, and CAT relief. In re Gui Guan Chen, No. A099 592 111 (B.I.A. Dec. 11, 2008), aff'g No. A099 592 111 (Immig. Ct. N.Y. City Aug. 22, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the agency’s adverse credibility determination was supported by substantial evidence. As the IJ found, Chen’s assertion that he was arrested in 2005 by the Chinese authorities for speaking out against the family planning policy and that he tied to the United States that year is contradicted by documents proffered by the Government indicating that he entered the United States in 1999 using a visitor’s visa. The IJ reasonably found that the 1999 visa application was convincing proof that Chen entered the United States in 1999, as it was a document “kept for safe keeping in the Kentucky Service Center,” and bears his name, date of birth, and a photograph closely resembling the photograph in his notarial birth certificate.
Chen argues that the affidavit he submitted sufficiently explains that someone else had used his passport to apply for a visa to enter the United States, and that the visa application is not a reliable document because it contains incorrect biographical information about him. However, the IJ reasonably found that assertion not credible, as Chen conceded that the photograph in the visa application is his, and the IJ found implausible the possibility that anyone else could use that visa without incident. See Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007) (finding that speculation “is not ‘bald’ if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience”); see also Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir.2007) (declining to disturb an implausibility finding so long as it is “tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived”). The IJ reasonably accorded more weight to the Government’s evidence than to Chen’s affidavit. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 171 (2d Cir.2008) (“We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.”); Xiao Ji Chen v. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ). Similarly, while in an affidavit Chen’s cousin claims that she *735 met Chen in New York City in 2005 shortly after his arrival in the U.S., the IJ reasonably found that affidavit not probative of Chen’s date of arrival, as it does not assert that she met him at a border location or airport. See Xiao Ji Chen, 471 F.3d at 342. Indeed, as the IJ found, although Chen was given ample opportunity to corroborate his claimed entry in 2005, he failed to do so. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007) (finding that the absence of corroboration in general may bear on an asylum applicant’s credibility as it renders her unable to “rehabilitate testimony that has already been called into question”). In light of the totality of the circumstances, we find that the agency’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii) (providing that in post-REAL ID cases such as Chen’s, a credibility determination may be based on inconsistencies between an applicant’s statements and other evidence of record); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163-64 (2d Cir.2008) (same).
Moreover, we find no error in the agency’s finding that Chen filed a frivolous asylum application. Before making such a finding, an IJ is required to advise an asylum applicant of the consequences of filing a frivolous application. See 8 U.S.C. § 1158(d)(4)(A); Matter of Y-L-, 24 I. & N. Dec. 151, 155 (B.I.A.2007). Moreover, an IJ must address the question of frivolousness separately from the applicant’s credibility and discuss the evidence that supports the finding that the applicant deliberately fabricated a material element of her asylum claim. See Matter of Y-L-, 24 I. & N. Dec. at 156; see also 8 C.F.R. § 1208.20. In making that determination, the IJ must consider plausible explanations offered by the applicant, and provide “cogent and convincing reasons” for his or her finding. Matter of Y-L-, 24 I. & N. Dec. at 158. In addition, the severe consequences of a frivolousness finding require that it be supported by a preponderance of the evidence. See id. at 157.
The IJ’s decision complies with all of the requirements specified by the BIA in Matter of Y-L-. First, the record shows that the IJ advised Chen of the consequences of filing a frivolous application at one of his hearings. See Matter of Y-L-, 24 I. & N. Dec. at 155. Second, beyond her adverse credibility determination, the IJ separately found that Chen knowingly filed a frivolous application. See id. at 156. Third, the IJ discussed the evidence in the record supporting her finding that Chen deliberately fabricated a material element of his asylum application. See id. As the IJ found, the documents showing that Chen entered the United States in 1999 were clearly inconsistent with Chen’s claim that he was arrested in 2005 in China. Chen’s claim that he entered the U.S. in 2005 was undeniably material; without it, Chen cannot establish that: (1) his asylum application was timely filed, see 8 U.S.C. § 1158(a)(2)(B); (2) he was persecuted in the past, see Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir. 2007) (holding that the forced sterilization of a spouse or partner does not give rise to per se eligibility for relief); or (3) the Chinese authorities continue to seek his arrest, and thus that he has a well-founded fear of persecution.
Moreover, the record shows that Chen was provided ample opportunity to rebut the Government’s evidence, and that the IJ found Chen’s explanations lacking. See Matter of Y-L-, 24 I. & N. Dec. at 156. The IJ provided specific, cogent reasons for crediting the Government’s documents over Chen’s uncorroborated affidavit. See Jian Hui Shao, 546 F.3d at 171. Because the IJ’s decision comports with Matter of Y-L- as well as the governing statute and regulation, we find no error in the IJ’s *736 determination that Chen submitted a frivolous asylum application.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).